Good morning, Your Honor. Good morning. Please, the Court, I'm Tom Flaherty here representing Roger Cross. I'm not going to go over what I've already written in the brief. I'd like to outline for the Court some salient facts in this case. Your Honor, this case was decided on a motion for summary judgment, and it's the plaintiff's position that there are substantial issues of fact to be decided by the trier of fact in this case. And what would those be? First of all, Your Honor, the first issue of fact that the plaintiff submits to the Court that should be tried by the trier of fact or decided by the trier of fact is whether the plaintiff was dismissed for just cause. That is, was the plaintiff guilty or was his dismissal justly based on use of excessive force. Did you raise that issue? Hello? I'm sorry, Your Honor. Did you raise that issue? Yes, Your Honor, I certainly was. It was raised in all the briefs. The second issue of fact that the plaintiff submits should be decided by the trier of fact was, was the plaintiff or did he lie on his use of excessive force to report to his superior. The third issue the trier of fact should decide is, did the plaintiff, was the plaintiff untruthful to the investigating officers? Now, Your Honor, if the Court looks at... I'm looking at your opening brief. Yes. Show me in there where you raised the issues regarding the just cause. Would you point me to the pages of your opening brief where you raised these factual issues you're discussing today? Page 13 and 14. In what exact language are you saying raised that issue? A reasonable juror could find the presence of actual bias or appearance of partiality on the part of the defendants from the following circumstances. Plaintiff's physical response to an attack by a violent inmate. So wasn't that addressing the issue of bias? That's true. That's true, Your Honor, but the whole case is based on these factual issues of excessive use of force because that was the reason, those were the reasons given by Multnomah County in terminating the plaintiff. So the underlying facts in this case are based on those three facts. So did the plaintiff use excessive force in this case is an issue that the plaintiff respectfully submits to the Court should be decided by the prior fact. Counsel, our decision is guided by the issues that are addressed and discussed in the opening brief. And so my reading of your brief did not reveal those as being the issues you were advancing on appeal. All right. Well, I disagree with you, but the other issues that the plaintiff submits to the Court that are basis for disagreement with the District Court in dismissing this case are was the plaintiff given an adequate pre-termination hearing? That is, was the hearing, the procedure that was in effect given to the plaintiff in deciding whether he should be terminated or not, was that hearing adequate? And it's the plaintiff's position that it wasn't because the command review board that was in the procedure for termination ignored the substantial evidence that, ignored most of the evidence that was involved in the basis for Mr. Cross being terminated. The other reason why the plaintiff submits to the Court that there's a substantial issue of fact in this case is when you have the sheriff who is the person that's deciding whether the plaintiff should be terminated or not is the same person that's hearing the appeal from the decision that was made to terminate the plaintiff. The plaintiff submits to the Court that that is violative of Mr. Cross' due process. Counsel, what case authority are you relying upon to support that assertion? Vannelli v. Rental School Board. In Vannelli v. Rental School Board, the Court, the Ninth Circuit, laid out in detail some of the items that the Court should look forward to or look to in deciding whether due process has been granted or not. If you look at the procedure that was given to Mr. Cross or Officer Cross before he was terminated, there was no sworn testimony, none of the basis for Mr. Cross to be terminated. The reason that the sheriff gave for terminating Mr. Cross was based on any sworn testimony. Are you saying that Vannelli supports the proposition that a pre-termination hearing requires sworn testimony? Yes. It says so right in Vannelli v. Rental School Board. It says right in Vannelli there's several bases that the Court gives for whether a pre-termination hearing is constitutionally adequate or not. What language are you relying upon specifically in Vannelli that says sworn testimony is required to sustain a pre-termination hearing? Well, the Court didn't say that sworn testimony exactly is required, but the Court said in Vannelli that there's a number of items that should be looked to by the Court in deciding whether or not constitutionally adequate due process was given. One was the right to confront witnesses. Another item that Vannelli looked to was a right of cross-examination. And the third item that the Ninth Circuit listed was sworn testimony. In this particular case, there was no sworn testimony anywhere given by any or taken by the sheriff in deciding its, in making his decision here. Counsel, wasn't Vannelli a post-termination evidentiary hearing? Yes, it was. But Vannelli says that if the pre-termination hearing was inadequate, then an adequate post-termination hearing should be given. In other words, if there was no adequately constitutionally adequate pre-termination hearing, then a post-termination hearing should be given. So the argument you're making rests on our finding that the pre-termination proceedings were defective. That's right. And it's the plaintiff's position, Your Honor, that the pre-termination hearing was inadequate because the command review board that looked at all the facts ignored the facts of this case, especially seven eyewitnesses to the incident that is the underlying basis of the reason why the sheriff gave for terminating Mr. Cross. Do you want to save some time for rebuttal? No, Your Honor. I'm here to answer any more questions you've got. The other point I'd like to bring up to the Court, in addition to Vannelli v. Rental School Board, was it's the plaintiff's position that his liberty interests were violated here on the basis that the sheriff, the sheriff's office leaked to the press all sorts of false information to the point where he has not been able to find any employment or very little low employment since this whole incident occurred. A couple other items I'd like to bring up to the Court. It's the plaintiff's position basically that since Mr. Cross was a 15-year employee with the county that he could only be fired for just cause. And the facts that I initially brought up to the Court show that he was fired not for just cause. The facts that the sheriff gave for firing him were not just cause reasons. As a matter of fact, he was specifically fired for doing his job. The final item I'd like to bring up to the Court is even if the Court found that there was a basis for disciplining Officer Cross, the sheriff's own base sanction functions showed that even if the sheriff was right in saying that Officer Cross did not give a proper, he did not write a proper report or that he lied to the investigating officers, which the plaintiff submits he did not lie, or that he used excessive force, the maximum he should have gotten even under the county's own base sanctions is 20 days suspension without pay. Thank you very much for hearing the case, Your Honor. Thank you, Counsel. Good morning. May it please the Court, my name is Jenny Morriff and I represent defendants in this matter. The issue on appeal, there's one issue on appeal here today and that's whether or not Mr. Cross, the plaintiff, was a determination decision. The issue regarding any liberty interest, whether or not he was terminated for just cause, whether or not he did, in fact, lie regarding his use of force, or whether or not he was truthful in other aspects of the investigation, are not matters on appeal before the Court today. They're not addressed in the opening briefs and they were not appealed. So when we look at the issue of due process, we look at the Loudermill case, which basically puts forward the standard for which we determine whether or not due process was provided. In doing so, we look at, was plaintiff provided notice of the charges against him? Was he provided the evidence that supported said charges? And did he have an opportunity to respond? I'm not going to go over the entire process with the Court today because it is put out very extensively in our briefs beginning at page 5. But just in quick summary, plaintiff was notified of the charges against him on the investigation process. He was also given numerous opportunities to respond, both orally and in writing, both personally and by his union representatives. And finally, after his termination, he was given yet another opportunity to meet personally with the sheriff along with his union representatives, and again, give any rebutting evidence, any documentation, or any information which would aid the sheriff in his decision. After reviewing all of that he was notified that plaintiff should be terminated based on his conduct. Now, plaintiff acknowledges that the Loudermill standard applies, but attempts to argue that some additional process is due plaintiff. One of the things that he argues is that plaintiffs should have the ability to cross-examine witnesses. However, there's no authority cited, nor can I find any Ninth Circuit or other binding authority that would say that before a government employer terminates an employee, they must give the employee a full evidentiary hearing or an ability to cross-examine witnesses. Instead, Loudermill applies, and the standards which I had just briefly explained would apply in this case. Regarding the issue of bias, plaintiff argues that because Sheriff Nolley was involved in the pre-termination process, that somehow that should, by itself, establish that he's a biased decision-maker. In oral argument, plaintiff just cited a Vannelli v. School Board. However, I don't find that case at all cited in plaintiff's briefing. Instead, I find no authority to support the idea that the fact that a decision-maker was involved at multiple stages in the process would show he was biased. To the contrary, there's an assumption that bias doesn't exist merely because the decision-maker was involved both in the investigative and or adjudicative functions. And you can find that in Withrovery-Larson, which is at 421 U.S. 35. So if Vannelli is persuasive, what's your response to the citation today of that case? Well, Vannelli is, I would argue that Vannelli is not persuasive because in that case it involves a post-termination adjudicatory function. There is, plaintiff was not entitled to a full evidentiary hearing post-termination. Instead, the laudamil standard would apply, which is opportunity to respond, notice of the charges, and the evidence that is against him. So in cases where if plaintiff had brought a case before the Employment Relations Board or some other administrative agency for which the APA would apply, then you would have an administrative adjudication in which a full hearing would be provided. But what we're talking about here is a termination from a public employer. So when we look at the Matthews and Harney sort of balancing test of the interest of the employee maintaining their employment and the interest in the employer of removing employees from the workplace which are unsatisfactory, those are the standards that are going to guide the court's determination today. Unless the court has any further questions, I would just add by closing that it's not the court's decision today whether or not the county made a good decision, the right decision, or even the correct decision in deciding to terminate plaintiff's employment. Rather, the question before the court is whether or not the county provided Mr. Cross, plaintiff, adequate due process in the termination decision. Thank you. Thank you. The case just argued is submitted for decision by the court. Thank you, counsel. The next case on calendar for argument is United States v. Jonathan Joseph Lincoln.
judges: T.G. Nelson, Rawlinson, Pollak